UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN A. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:10 CV 321 RWS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

### **MEMORANDUM AND ORDER**

This matter is before me on a Report and Recommendation to remand Plaintiff's cause of action to the Commissioner for further proceedings [#19]. Plaintiff's Complaint seeks review of the denial of Plaintiff's applications for Disability Insurance Benefits under Title II of the Social Security Act and for Supplemental Security Income benefits under Title XVI of the Act. This matter was referred to United States Magistrate Judge Terry I. Adelman for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

Judge Adelman issued a Report and Recommendation on February 28, 2011 that recommended Plaintiff's case should be remanded for further development of the record [#19]. Judge Adelman found that substantial evidence does not support the Administrative Law Judge's ("ALJ") because the record was not fully developed regarding the ALJ's residual functional capacity ("RFC") determination. Judge Adelman reasoned that there is no medical opinion regarding how Plaintiff's impairments affect her ability to perform sustained work activities and, as a result, the RFC determination was not supported by substantial evidence. Judge Adelman recommended the case be remanded for the record to be developed further.

Defendant filed an objection to Judge Adelman's Report and Recommendation [#20].

Defendant argues that Judge Adelman's conclusion is inconsistent with the law because "the law [does] not require the ALJ to rely exclusively upon a RFC assessment by a physician." The Defendant also objects to the Report and Recommendation on the basis that Judge Adelman improperly concluded the ALJ had a duty to contact Plaintiff's treating physicians or order consultative examinations. Defendant finally argues the substantial record evidence supported the ALJ's RFC determination and the record was not undeveloped.

After carefully considering the record before me, I adopt the Report and Recommendation of Judge Adelman. Judge Adelman does not indicate that the ALJ may only consider a RFC assessment by a physician but instead properly finds that substantial evidence does not support the ALJ's RFC determination. A claimant's RFC is a medical question that must be supported by some medical evidence on the claimant's ability to function in the workplace. Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007) (citing Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). "[F]acts, observations, and medical conclusions which bear directly on the extent of [a plaintiff's] ability to function in a work environment" can provide substantial medical evidence for an ALJ's RFC assessment where they allow for an understanding of how the limitations function in a work environment. Id. at 620 & n.6. I agree with Judge Adelman that in this case the RFC determination fails to be supported by medical evidence of the claimant's ability to function in the workplace. Furthermore, when the medical evidence received is inadequate to determine a claimant's disability, the ALJ is to recontact physicians. Id. at 619. Accordingly,

**IT IS HEREBY ORDERED that** the Report and Recommendation of the United States Magistrate Judge Adelman is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that** the decision of the Administrative Law Judge is **REVERSED** and the case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings in accordance with the instructions in the Report and Recommendation.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of March, 2011.